# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-719V
Filed: December 23, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| ROBERT E. MCCLOUD, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Attorneys' Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Leah V. Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 20, 2016, Robert E. McCloud ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on September 25, 2015, he suffered Guillain-Barré Syndrome ("GBS") and chronic pain. Petition at Preamble, ¶ 14. On October 12, 2016, the parties filed a stipulation stating that a decision should be entered awarding compensation, and a decision awarding compensation pursuant to the terms of the stipulation was issued October 13, 2016.

On December 8, 2016, petitioner filed a motion for attorneys' fees and costs, requesting $17,304.00 in attorneys' fees and $3,437.42 in attorneys' costs, for a total fees and costs request of $20,741.42. Petitioner's ("Pet.") Motion ("Mot.") at 1. Pursuant to General Order #9,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

petitioner's counsel states that petitioner has not expended any litigation costs in pursuit of this claim.  Id.  Respondent filed a response to petitioners' application on December 12, 2016, stating that "[r]espondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's ("Resp.") Response at 3.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  In the present case, petitioner was awarded compensation pursuant to a joint stipulation agreement.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Avera, 515 F.3d at 1347-48 (internal quotations omitted).  In determining an award of attorneys' fees, a court should generally use the forum rate, i.e., the District of Columbia rate unless the bulk of an attorney's work is performed outside of the forum, and where there is a "very significant" difference in compensation rates between the place where the work was performed and the forum.  Id. at 1348-49 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### i.  Hourly Rates

Petitioner requests a rate of $350 per hour for work performed in 2015 and 2016 by Ms. Durant and $140 per hour for paralegal work during the same time period. Pet. App., Ex. 1. Ms. Durant's rates were recently addressed by another special master in DiPietro v. Sec'y of Health & Human Servs., No. 15-742V, 2016 WL 7384131, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016). The rates requested are consistent with the rates awarded in DiPietro, and the undersigned agrees with the Chief Special Master's analysis of appropriate rates for Ms. Durant as set forth in that decision. Accordingly, the undersigned finds the requested rates reasonable.

### ii.  Hours Expended

Petitioner requests compensation for 43.40 hours of work performed by Ms. Durant and 15.10 hours of work performed by Ms. Raina. Pet. App., Ex. 1 at 9. On review of the billing record, the undersigned finds the hours expended reasonable.

### b. Costs

Petitioner requests a total of $3,437.42 in attorneys' costs. Pet. App. at 1. The requested costs consist primarily of medical record fees, the filing fee, and pre-filing consultation with a physician. See Pet. App., Ex. 2. The undersigned finds the requested costs reasonable.

## II.  Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total of $20,741.42 reasonable.

The undersigned awards attorneys' fees and costs as follows:

**(1) A lump sum of $20,741.42 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Leah V. Durant, of the Law Offices of Leah V. Durant, PLLC, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen<br>
Thomas L. Gowen<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.